UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cv-00320-FDW

| | |
|---|---|
| LARRY OWENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff Larry Owens's Motion for Summary Judgment (Doc. No. 8), filed March 26, 2018, and Defendant Acting Commissioner of Social Security Nancy A. Berryhill's Motion for Summary Judgment (Doc. No. 10), filed May 24, 2018. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits. For the reasons that follow, the Court GRANTS Plaintiff's Motion for Summary Judgment; DENIES the Commissioner's Motion for Summary Judgment; and REVERSES the Commissioner's decision and REMANDS this matter pursuant to sentence four of 42 U.S.C. § 405(g)[1] for a new hearing.

I. FACTUAL BACKGROUND

Plaintiff filed an application for Title II benefits on December 9, 2013, alleging disability beginning June 25, 2012. (Tr. 18, 62). The claim was denied initially on May 28, 2014, and upon reconsideration on September 22, 2014. (Tr. 78, 85). Plaintiff filed a request for an administrative

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

hearing, and an Administrative Law Judge ("the ALJ") held a hearing on December 28, 2016. (Tr. 18, 29). On January 26, 2017, the ALJ issued a decision finding that Plaintiff was not disabled. (Tr. 15).

The ALJ found that Plaintiff had not engaged in substantial gainful activity since June 25, 2012 and had the severe impairments of diabetes, diabetic retinopathy with left branch vein occlusion, diabetic neuropathy, and chronic back strain. (Tr. 20). The ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart B, App. 1. (Tr. 20). The ALJ then found Plaintiff had the Residual Functional Capacity ("RFC"):

> to perform medium work as defined in 20 C.F.R. [§] 404.1567(c) except he is unable to climb ladders, ropes, or scaffolds and must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and hazards. The claimant also has monocular vision so he must avoid tasks that require binocular vision.

(Tr. 21). The ALJ found Plaintiff unable to perform past relevant work. (Tr. 22). However, based on age, education, work experience, and the RFC, the VE produced a list of jobs available in significant numbers that Plaintiff could perform. (Tr. 23-24).

Plaintiff requested a review of the ALJ's decision, which was denied by the Appeals Council on October 5, 2017. (Tr. 1). Thus, the ALJ's decision became the final decision of the Commissioner. Having exhausted administrative remedies, Plaintiff commenced this action under 42 U.S.C. § 405(g). The parties' Motions for Summary Judgment are now ripe for review.

## II. STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides judicial review of the Social Security Commissioner's denial of social security benefits. When examining a disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. 42

U.S.C. § 405(g); Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012).  A reviewing court may not re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence."  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 2013).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted).  We do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," we defer to the ALJ's decision.  Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)).  In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520.  Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy.  Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing Mascio v.

Colvin, 780 F.3d 632, 634 (4th Cir. 2015)); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

"If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four, which is 'the most [the claimant] can still do despite [her physical and mental] limitations [that affect h[er] ability to work].'" Lewis, 858 F.3d at 861–62 (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)). In Lewis, the Fourth Circuit explained the considerations applied before moving to step four:

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (internal quotations omitted); see also SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Once the function-by-function analysis is complete, an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1567, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).
>
> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

Lewis, 858 F.3d at 862.

Proceeding to step four, the burden remains with the claimant to show he or she is unable to perform past work. Mascio, 780 F.3d at 635. If the claimant meets their burden as to past work, the ALJ proceeds to step five.

> "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)]. "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Id.

Lewis, 858 F.3d at 862. If the Commissioner meets this burden in step five, the claimant is deemed not disabled and the benefits application is denied. Id.

## III. ANALYSIS

Plaintiff claims the ALJ erred by finding the Plaintiff had no visual limitations in the right eye. (Doc. No. 9 at 3). The Commissioner suggests that Plaintiff's assignment of error is an improper request for the Court to review de novo the ALJ's determination. (Doc. No. 11 at 5). The Court disagrees. The ALJ's finding of "no visual limitation in the right eye," (Tr. 22), which is embodied in the RFC as claimant having "monocular vision" (Tr. 21) is not supported by substantial evidence. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson, 434 F.3d at 653 (alteration and internal quotation marks omitted). The ALJ acknowledges Plaintiff testified that he "needs a lit magnifying glass to read and cannot read small print" (Tr. 21) and the medical records from Marion Eye Clinic noted "decreased vision" with "best corrected acuity" of "20/40." (Tr. 21). As cited by the ALJ, Dr. Mark Manus, found "mild" retinopathy (Tr. 357 (citing Ex. 10F) and, although not included in the ALJ's decision, Dr. Manus also found Plaintiff's visual acuity for his right eye to be 20/50 and upon correction 20/40 (Tr. 357). Neither the Commissioner nor the ALJ explain how 20/40

vision or retinopathy (Tr. 22) can be perceived as no visual limitation, hindering this Court's review. Other record evidence summarized and cited by Plaintiff in his brief also contradicts a finding of "no visual limitations in the right eye." (See Doc. No. 9). As the extent of Plaintiff's visual limitations in his right eye are contested and the ALJ has not supported his finding with substantial evidence, the Court cannot uphold the ALJ's determination and grants Plaintiff's Motion for Summary Judgment.

IV. CONCLUSION

For these reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 8) is GRANTED; the Commissioner's Motion for Summary Judgment (Doc. No. 10) is DENIED; and the ALJ's determination is REVERSED[2] and REMANDED to the Commissioner for a new hearing.

IT IS SO ORDERED.

Signed: July 30, 2018

Frank D. Whitney
Chief United States District Judge

---

[2] In reversing the Commissioner's decision, the Court expresses no opinion on the merits of Plaintiff's claim for disability. The Court expressly provides that an order of "reversal" here does not mandate a finding of disability on remand. The Court finds the ALJ's decision deficient for the reasons stated herein, and consequently, that decision as written cannot stand. See, e.g., Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]" (citations omitted)).